## Case No. 5,280.

### GAY v. CORNELL.

[1 Blatchf. 506;[1] 1 Fish. Pat. Rep. 312.]

Circuit Court, S. D. New York. Oct. Term, 1849.

PATENTS—ASSIGNMENT BEFORE ISSUE — VALIDITY —RECORDING—SUIT BY ASSIGNEE.

1. An assignment of an invention before the issuing of a patent, is valid under section 6 of the act of March 3, 1837 (5 Stat. 193), although it is made after the rejection by the commissioner of patents of the assignor's application for a patent, and after an appeal

---

[1] [Reported by Samuel Blatchford, Esq., and here reprinted by permission.]

thereon to the chief justice of the District of Columbia.

2. The assignee under such an assignment may file a bill in his own name, under section 16 of the act of July 4, 1836 (5 Stat. 123), and section 10 of the act of March 3, 1839 (5 Stat. 354), against the patentee to whom the patent was issued on the rejection of the assignor's application, for the purpose of annulling the patent issued, and having one granted to him as assignee.

3. And it is not necessary that the assignment should be recorded in the patent office before the filing of the bill. It is enough, if it be recorded at any time before the issuing of the patent.

In equity. The bill in this case was filed under the tenth section of the act of March 3, 1839 (5 Stat. 354), which amended and enlarged the sixteenth section of the act of July 4, 1836 (5 Stat. 123). It prayed, that certain letters patent granted to the defendant [Samuel G. Cornell], on the 21st of August, 1847, for an improvement in machinery for making lead pipe by pressure, might be annulled and cancelled, and that one Alonzo D. Perry might be declared to be the first discoverer of the improvement and entitled to a patent for it, and that a patent for it might be ordered to be granted to the plaintiff [Frederick A. Gay] as assignee of Perry. The bill set forth, that Perry was the original and first inventor of the improvement and made application to the commissioner of patents in due form for a patent for it on the 6th of October, 1846; that the application was denied on the 24th of March, 1847, on an interference declared by the patent office, between Perry and the defendant, and two other applicants, testimony having been taken on the interference, and a hearing had on the 1st of March, 1847, and the commissioner holding that the defendant was entitled to the patent; that thereupon Perry appealed from the decision of the commissioner to the chief justice of the district court of the United States for the District of Columbia, who affirmed the decision; that the patent was then issued to the defendant; and that, on the 6th of April, 1847, Perry assigned to the plaintiff, by an instrument in writing under his hand and seal, and for a valuable consideration, all his right to the improvement as set forth in the specification filed by him, and authorized the commissioner of patents to issue the patent for it to the plaintiff. There was no averment of the recording of the assignment in the patent office. The bill also set forth various facts as going to show Perry's title to the patent. The defendant demurred to the bill, and the principal question raised was, whether the assignment, under the circumstances stated, was valid, and passed the interest in the invention, so as to enable the plaintiff to sustain the suit in his own name.

Edwin W. Stoughton, for defendant.

I. The assignment from Perry to the plaintiff, being designed to transfer a mere title in litigation, and thereby to give the plaintiff only the right to stand as a hostile party in a legal proceeding, is absolutely void. Prosser v. Edmonds, 1 Younge & C. Exch. 491; Wood v. Downes, 18 Ves. 120; 2 Story, Eq. Jur. § 1040 et seq.; Gardner v. Adams, 12 Wend. 297. II. Assuming, however, that the assignment is valid, it must be recorded, as a condition precedent to issuing the patent to the plaintiff as assignee. Act March 3, 1837, § 6 (5 Stat. 193). The plaintiff is bound to show a title to the patent at the time of filing the bill, and, to do this, he must aver in the bill the recording of the assignment. Dobson v. Campbell [Case No. 3,945]; Wyeth v. Stone [Id. 18,107]; Nesmith v. Calvert [Id. 10,123]. III. The act of 1839 authorizes the applicant for a patent, and him only, to institute proceedings in equity after a decision against him by the commissioner or on appeal. Even though the assignment from Perry to the plaintiff may be valid, Perry should have been the plaintiff in this action.

Charles B. Moore, for plaintiff.

I. The application for the patent having been made by Perry in October, 1846, testimony taken, and the applicants heard in March, 1847, Perry's right to a patent became and was a valuable vested right, which could be assigned, and the assignment of it will be protected. Curt. Pat. § 189; Wilson v. Rousseau, 4 How. [45 U. S.] 674. II. No record of the assignment is necessary as a condition to any relief. If necessary, it will be sufficient to record it before a decree. Dixon v. Moyer [Case No. 3,931]; Brooks v. Byam [Id. 1,948]; Pitts v. Whitman [Id. 11,-196]. III. A court of equity always recognizes an assignee, and requires the real party in interest to sue. Ogle v. Ege [Id. 10,462]; Field v. Maghee, 5 Paige, 539; Rogers v. Traders' Ins. Co., 6 Paige, 583; Sedgwick v. Cleveland, 7 Paige, 287; Van Hook v. Throckmorton, 8 Paige, 33.

NELSON, Circuit Justice. The sixteenth section of the act of July 4, 1836, speaks of the party making the application for the patent, as the proper person to file a bill in case of a refusal by the board of examiners to grant it, (the chief justice of the District of Columbia was afterwards substituted in their place,) and, doubtless, referred to the inventor, as no provision then existed authorizing him to assign his interest before the issuing of the patent. But, the sixth section of the act of March 3, 1837 (5 Stat. 193), provides, that any patent thereafter to be issued, may be issued to the assignee of the inventor, the assignment being first entered of record; the application still to be made in the name of the inventor, and the specification to be sworn to by him. After the assignment of the invention, under this section, by which the inventor divests himself of all interest therein, and transfers it to the assignee, although the application

for the patent must be made in his name, in conformity with the statute, still, for all substantial purposes, and in judgment of law, the assignee is the party making the application, and, we think, comes, if not within the letter, at least within the spirit of the provisions of the sixteenth section of the act of 1836, and of the tenth section of the act of March 3, 1839. He would, no doubt, be held liable as such for the expenses mentioned in the latter part of the sixteenth section, and for any other to which the applicant might become subject.

We are also inclined to think, that the assignment in the present case is valid, notwithstanding it was made after the rejection of Perry's application by the commissioner, and his appeal to the chief justice from that decision; and that the objection, on the ground that the invention was the subject of doubt and dispute, and had even been set aside by the commissioner, is not well founded. Most of such applications are resisted, and become the subjects of discussion before the commissioner, and frequently without any person objecting except the commissioner himself. The case does not stand on the footing of a right or claim in litigation in a court of justice. The hearing before the commissioner is informal and summary, and not final. The application may be renewed from time to time, on the same or additional evidence, the previous hearings and decisions creating no bar to a further investigation. The chief object of the provision authorizing a sale of the whole or of any part of the invention before the issuing of the patent, was, doubtless, to enable the inventor to obtain means to pursue his application before the proper authorities, until it was allowed or refused; and the more obstinate the resistance, the greater the necessity for the provision. We are not aware that it has ever been doubted, that an assignment of the whole or of any part of the interest in a patent, after it was granted, would be valid, notwithstanding it was at the time the subject of litigation; and yet, the argument would be as strong, if not stronger, in favor of the invalidity in such a case, as it is in the present one. This case is distinguishable from that, of Prosser v. Edmonds, 1 Younge & C. Exch. 491, referred to on the argument, in two particulars: First, an invention is, within the contemplation of the patent laws, a species of property; and secondly, the assignment is made in pursuance of express enactment. 2 Story Eq. Jur. §§ 1039–1048, and cases there referred to.

As it respects the recording of the assignment in the patent office, it is enough, within the terms of the sixth section of the act of 1837, if it be recorded at any time before the issuing of the patent. See, also, in this connection, the latter part of section 16 of the act of 1836.

On looking into the bill, we are of opinion that there is a sufficient averment that Perry was the first and original inventor of the improvement, and the facts and circumstances detailed go to support, rather than weaken, as has been insisted, the general allegation.

Upon the whole, we think the assignment is valid, and the bill properly filed in the name of the assignee, he being the only real party in interest, and that the averments and facts set forth therein show a sufficient title prima facie in him to the patent, on the ground that Perry was the first and original inventor.

Demurrer overruled.