CONSOLIDATED ELECTRIC LIGHT Co. *v.* EDISON ELECTRIC LIGHT Co. and others.[1]

(*Circuit Court, S. D. New York.* 1885.)

1. PATENTS FOR INVENTIONS—SEVERAL ASSIGNMENTS BEFORE ISSUE.

Pending an application for letters patent the invention was assigned to corporation A., by it to corporation B., and by the latter to the complainant, all the assignments being recorded in the patent-office before the issuance of the patent. The patent issued to corporation A. *Held,* on demurrer to bill setting out this title, the patent was not void for want of interest of record in the patentee.

2. SAME—REV. ST. § 4895.

The purpose of section 4895 of the Revised Statutes is to permit a patent to issue to the person who has the record title to the invention, and is attained when the patent runs to the ultimate assignee; and therefore a patent may issue to the person who, by the records of the office, is assignee of the invention, although not technically the assignee of the inventor; citing *Selden* v. *Stockwell Gas-burner Co.*, 19 Blatchf. 544; S. C. 9 Fed. Rep. 390.

3. SAME—LEGAL TITLE VESTS, WHEN.

The legal title to a patent vests at once on its issuance to the person who, by the record, is entitled to it; but it is not mandatory under the language of the statute that the patent run in form to such record owner; citing *Gayler* v. *Wilder,* 10 How. 477.

4. SAME—TO WHAT ASSIGNEE ISSUED.

A patent is properly issued to any assignee whose assignment is duly recorded when it can be done without impairing the rights of any other person having a paramount title to the invention, and is therefore valid when issued to any such assignee of record.

In Equity.

*E. N. Dickerson, Amos Broadnax,* and *H. R. Garden,* for complainants.

*William M. Evarts, John C. Tomlinson,* and *Richard N. Dyer,* for defendants.

WALLACE, J. The bill of complaint alleges infringement by the defendant of letters patent for a new and useful improvement in electric lights, of which Sawyer and Man were the inventors, bearing date May 12, 1885, granted to the Electro-dynamic Light Company, its successors and assigns, as assignee of Sawyer and Man. It appears by the bill that the application for the patent was filed by the inventors in January, 1880; that in January, 1880, they assigned their whole interest in the invention to the Electro-dynamic Light Company; that in April, 1881, that company assigned the invention to

---

[1] Reported by Charles C. Linthicum, Esq., of the Chicago bar.

the Eastern Electric Manufacturing Company; and that the Eastern Electric Manufacturing Company, in September, 1882, assigned the invention to the complainant. It further appears that all of these assignments were duly recorded in the patent-office more than two years before the patent was granted.

The defendant has demurred to the bill, and the point raised by the demurrer is that the patent is void because the Electro-dynamic Light Company, the grantee named in the patent, had assigned its interest to the complainant before the patent issued, and had no interest of record in the patent at the time the same was issued. The demurrer admits the validity of the assignments made by the Electro-dynamic Light Company to the Eastern Manufacturing Company, and by the latter company to the complainant, and no question is made, or can be made, respecting their efficacy to invest complainant with the title of the Electro-dynamic Light Company to the invention. The title thus acquired by the complainant is as effectual to protect the defendant against any claims of the Electro-dynamic Light Company as if the assignment had been made by that company to the complainant after the patent had issued. If the demurrer is good, the complainant, although the owner of the invention and the sole party entitled to enjoy the monopoly conferred by the patent, will be defeated because of the inadvertence or erroneous action of the patent-office in issuing the patent to a corporation which cannot challenge the complainants' rights or assert any adverse claim against the defendant. It may well happen occasionally in the pressure of business at the patent-office that an assignment made during the pendency of an application may be overlooked, although duly recorded, and the patent be issued to the inventor or to an intermediate assignee whose assignment is on record. If, whenever this happens, the patent is to be deemed void notwithstanding the title of the grantee named in it is instantly vested in the true owner by operation of law, and notwithstanding no possible injury or inconvenience can be occasioned to third persons or to the public, the result would be one of such unnecessary hardship that it is not reasonable to suppose that it could have been contemplated by congress while framing the provisions of the patent laws. The person entitled to the benefit of the monopoly might not ultimately lose his property. He might be able to induce the proper authorities of the government to file a bill in equity in the name of the United States to repeal the patent because granted by mistake, (*U. S.* v. *Stone,* 2 Wall. 525; *Mowry* v. *Whitney,* 14 Wall. 434,) but he would lose it in the mean time.

As the property in the monopoly is the creature of statute, the defendant properly asserts that no title was acquired by the complainant, unless it has devolved pursuant to the statutory provisions which authorize patents to be issued to the assignees of inventor. These provisions are found in section 4895, Rev. St., which declares that "patents may be granted and issued or reissued to the assignee of

the inventor or discoverer, but the assignment must first be entered of record in the patent office." This section is a reproduction of section 33 of the patent law of 1870, and there is no other section or no other language in the act which bears upon the present question. The section originated in section 6 of the act of 1837. 5 St. at Large, 191. Prior to that act there was no provision of law for issuing a patent to any person except the inventor. That section employed the language of the present section. The question then is what is meant by the term "the assignee of the inventor or discoverer." In one sense the assignee of the inventor can be no other than the person or corporation to whom the inventor or discoverer has executed an assignment. The grantee in the present case, the Electro-dynamic Light Company, did not cease to be "the assignee of the inventor" because it became an assignor to the complainant, although it did cease to have any legal or equitable interest in the invention after executing the assignment to the complainant. The language of the section is as literally and accurately satisfied when the patent is issued to the inventor's assignee as it is when it is issued to the assignee's assignee. The latter is an assignee of the patent, but not strictly the assignee of the inventor Congress recognized this distinction in section 4 of the patent law of 1793, which was the earliest provision for the protection of assignees, and authorized their assignments to be recorded in the patent-office. That section, after providing that any inventor might assign his invention, declared that "the assignee, having recorded the said assignment in the office of the secretary of state, shall thereafter stand in the place of the original inventor, both as to right and responsibility, *and so the assignee of assigns to any degree.*" It would seem, therefore, that the term "assignee," as first used in the patent laws, was used in its most strict and literal sense; and was understood to refer to the inventor's assignee; and that, in order to extend the benefits of the provision to subsequent assignees, it was deemed proper to designate them as "assignees of assigns to any degree."

It is undoubtedly a fair and reasonable interpretation of the section in question to hold that the patent may issue to the person who, by the records of the office, is assignee of the patent, although not technically the assignee of the inventor. Such was the ruling in *Selden* v. *Stockwell Gas-burner Co.*, 19 Blatchf. 544; S. C. 9 Fed. Rep. 390. The purpose of the section is to permit a patent to issue to the person who has the title to the invention upon the records of the patent-office. This purpose is attained when the patent runs to the ultimate assignee of the invention. It is equally well attained when the patent runs to the inventor, or to the inventor's assignee, if, by force of an assignment on record at the time, the grant inures as soon as the patent issues to the ultimate assignee. That the legal title vests at once in the person who, by the records, is entitled to it, was held in *Gayler* v. *Wilder*, 10 How. 477. That case is also authority for the

proposition that it is not mandatory, under the language of the section, that the patent run in form to the person who is the owner of the invention according to the records of the office at the time when the patent issues. In *Gayler* v. *Wilder* the patent was issued to the inventor after the act of 1837, notwithstanding he had assigned his whole invention to another, whose assignment was duly recorded before the patent issued; and it was held that the legal title to the invention was, notwithstanding, in the assignee and not in the inventor. The plaintiff in that case could have acquired no legal, that is, no statutory, title if the patent could only issue lawfully to the person who was the owner of the invention at the time.

Nothing in the language of the section, or in the other sections of the patent-laws, implies that a patent cannot be properly issued to any assignee whose assignment is duly recorded, when it can be done without impairing the rights of any other person having a paramount title to the invention.

Inasmuch as the grant runs to the grantee named in the patent, and his assigns, and operates, therefore, in favor of the ultimate assignee to convey him a record title as completely as if he had been named in the patent, and as it is not essential that the grantee named be one who owns the invention when the patent issues, it should be held that a patent is valid when issued to any assignee of record. The demurrer is overruled.