## WENDE v. HORINE.

(Circuit Court, N. D. Illinois, E. D. October 20, 1911.)

### No. 29,099.

PATENTS (§ 95*)—SUIT TO OBTAIN PATENT—PARTIES—EFFECT OF ASSIGNMENT BY INVENTOR.

The assignment by an applicant for a patent of all his right and title to the invention is effective and carries with it the right to the assignee to the patent when issued without express direction for its issuance to him and leaves no title, legal or equitable, in the assignor; but under the provisions of Rev. St. § 4895 (U. S. Comp. St. 1901, p. 3385), that notwithstanding an assignment an application for a patent shall be made by the inventor or discoverer, and of section 4915 (U. S. Comp. St. 1901, p. 3392), that a suit in equity to obtain a patent shall be brought by the "applicant," the inventor may maintain such a suit in his own name, notwithstanding his assignment of his rights.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 127; Dec. Dig. § 95.*]

In Equity. Suit by Frank J. Wende against Melville F. Horine. On objection by defendant for want of parties. Overruled.

Charles C. Bulkley and George E. Waldo, for complainant.
Bond, Adams, Pickard & Jackson, for defendant.

KOHLSAAT, Circuit Judge. Objection for want of parties under equity rule 52 (29 Sup. Ct. XXXI).

Complainant files his bill under section 4915, R. S. (U. S. Comp. St. 1901, p. 3392), praying that he be adjudged entitled to receive a patent upon his application serial No. 699,941, for improvements in manifolding apparatus, filed in the Patent Office December 21, 1898, notwithstanding the action of the Patent Office denying said application. Horine, his successful rival in Patent Office interference proceedings, is made defendant.

The answer alleges that, pending the application, complainant duly assigned the "entire right, title, and interest in and to his said application for letters patent * * * and in and to the invention covered by said application" to third parties not joined in the bill, and that at the time of filing the bill herein and now, complainant had and has no interest in or title to said invention or application.

Complainant has treated this allegation of the answer as an objection for want of parties, and under the provisions of equity rule 52 has brought the matter before the court as such. It develops, however, upon the argument, that the issues raised present not merely the question of whether or not the assignee should be joined, but extend to

the sufficiency as a matter of law of this averment of the answer; it being contended by defendant that complainant, having assigned his entire interest, is incapable of instituting suit. If this view should prevail, the suit must be dismissed, and complainant would be compelled to bring a new proceeding, making the assignee complainant. It is now more than a year since the last action of the Patent Office, and a new suit would doubtless be met by a defense of constructive abandonment, which, if it should prevail, would be a bar to further proceedings. It is therefore important to determine whether or not Wende bears such a relation to the proceedings for the procurement of a patent as to make him a competent party complainant.

So far as the record discloses, the assignment did not contain a request to the Commissioner of Patents that the patent issue to the assignee. This omission is urged as showing an equity remaining in the assignor.

It is very clear that an assignment of an invention pending application, containing a request that the patent issue to the assignee, and being duly recorded, will vest the complete legal title to the patent, when granted, in the assignee. Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504. In such case the assignor retains no title, legal or equitable.

A careful consideration of the reasons upon which the decision in Gayler v. Wilder, supra, is based, seems to warrant the corollary that in the absence of such a request the assignment would be ineffective to pass legal title. And in Harrison v. Morton, 83 Md. 476, 35 Atl. 102, the Supreme Court of Maryland in a well-considered case so held. Opposed to this view, however, is the consideration that the inventor has vested in him, pending application, an absolute property right. The statute expressly provides that this right may be assigned, and its assignability is not made to depend upon the presence or absence in the instrument of assignment of a request to the Commissioner that the patent issue to the assignee. Assuming that, as in the case at bar, the language of the instrument shows a clear intention of the assignor to convey every right and title to the invention vested in him, there seems to be no legal principle or rule which would prevent such intention from being effective. It would seem clear that the conveyance of all title and right to the invention, i. e., the inchoate right to obtain a patent, would carry the patent when issued. Again, such an instrument of assignment might well be held to be a present transfer of the patent to be granted; it being well settled that property, corporeal or incorporeal, having a mere potential existence, may form the subject of a valid contract of sale. 24 Am. & Eng. Ency. of Law (2d Ed.) 1042, and authorities cited.

While the decision in Harrison v. Morton, supra, is consistent with the reasoning of the court in Gayler v. Wilder, supra, it cannot be so easily reconciled with the opinion of the court in Railroad Company v. Trimble, 10 Wall. 367, 379, 19 L. Ed. 948. In the latter case the assignment contained no request that the patent issue to the assignee, yet the court held that the complete legal title passed, apparently considering the question of the presence or absence of a request in the

assignment as immaterial, and basing its decision upon the intent of the parties as evidenced by the language of the assignment.

Applying, therefore, the law as laid down in Railroad Co. v. Trimble, supra, the court must find that the legal effect of Wende's assignment was to leave him without any title legal or equitable.

But such a conclusion is not decisive of the ultimate question here presented, namely, whether or not an applicant for a patent who has sold and assigned all his rights, legal and equitable, to the invention and application, may institute proceedings under section 4915, R. S.

Sections 4886, 4888, 4892, 4895, R. S. (U. S. Comp. St. 1901, pp. 3382–3385), require an application by the inventor—and this regardless of whether the inventor has parted with title to the invention or not, and notwithstanding he may even have taken steps to have the patent issue to his assignee when granted.

After assignment, the application (section 4895, R. S.) of Wende and the interference proceedings (2 Robinson on Patents, § 616) properly proceeded in the name of the original applicant. Under the circumstances of that application, the assignee, notwithstanding his ownership of all title to the inchoate right as well as to the potential patent, could not have been made a party to the application proceedings. If the interference proceedings had terminated favorably to Wende, the Commissioner would, in due course, have properly issued the patent to him, notwithstanding the duly recorded assignment—and such issuance, as shown supra, would not have affected the question of title. Consolidated Electric Light Co. v. Edison Elec. L. Co. (C. C.) 25 Fed. 719.

While this proceeding is an independent suit in equity, it is, notwithstanding, a part of the application for a patent. Butterworth v. United States, 112 U. S. 50, 5 Sup. Ct. 25, 28 L. Ed. 656; Gandy v. Marble, 122 U. S. 432, 7 Sup. Ct. 1290, 30 L. Ed. 1223. As the Patent Office record stands, a decree in favor of complainant should adjudge him, as the original applicant, entitled to a patent.

The court draws its authority to hear and determine the issue of priority presented herein solely from section 4915, R. S. That section provides clearly that the *applicant* shall be the complainant, and the only power granted to the court is to "adjudge that such *applicant* is entitled * * * to a patent." The applicant is the person who files the application; the only person authorized under the circumstances here presented to file the application is the inventor. The statute makes no provision under the circumstances of this case for the substitution of the name of the assignee as applicant.

In order that defendant's contention should prevail, it is necessary to read "applicant" in the statute as "assignee." No good reason has been suggested why this should be done. The use of the word in its common acceptation is consistent with other sections of the same act in showing an intention on the part of the Legislature to disregard the question of title to the inchoate right and to require the original inventor to file and prosecute the application. If it were possible to entertain a doubt as to the policy of the law in this regard, it would only be necessary to refer to the language of section 4895, R. S., where it is

expressly provided that, "in all cases" of assignment pending application, "application shall be made * * * by the inventor." This suit being part of the application for a patent, it is strictly in accord with the provisions of section 4895, that it be brought by the original applicant.

Applying the elementary rules of statutory construction that words are to be construed in their natural, plain, and ordinary signification; legislative intent is to be determined from a general view of the whole act; words are to be understood in that sense which best harmonizes with all other parts of the statute (36 Cyc. 1128 et seq.)—there seems to be no room for holding that the Legislature meant "assignee" when it used the word "applicant." A due regard for the reason and spirit of the law in a case where the original applicant failed or refused to further prosecute his application by bill in equity might warrant the court in holding that the assignee could file the bill in his own name; but the facts in the case at bar do not warrant such a departure from the letter of the law.

There seems to be no reason why the assignee might not now intervene and his rights be protected by the decree.

Objections for want of parties are overruled.