### THOMA et al. v. PERRI et al.

(District Court, D. Massachusetts. April 7, 1913. On Rehearing, May 14, 1913.)

No. 430.

1. PATENTS (§ 114*)—SUIT TO OBTAIN PATENT—PARTIES.

A suit in equity under Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), to obtain the issuance of a patent which has been refused to complainant by the decision of the Supreme Court of the District of Columbia in interference proceedings awarding priority of invention to another applicant, may be maintained against such applicant although he has assigned his rights under the application; it being within the discretion of the Patent Office to issue the patent to him notwithstanding the assignment.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 166; Dec. Dig. § 114.*]

2. PATENTS (§ 114*)—SUIT TO OBTAIN PATENT—VENUE.

A suit in equity to obtain a patent brought under Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), may be maintained in any district where valid service can be had on the defendant without regard to his place of residence.

[Ed. Note.—For other cases, see Patents, Cent. Dig. § 166; Dec. Dig. § 114.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

In Equity. Suit by Andrew Thoma and others against Angelo Perri and others. On motions by defendants to dismiss. Overruled.

George N. Goddard, of Boston, Mass., for complainants.

Fish, Richardson, Herrick & Neave and Harrison F. Lyman, specially, of Boston, Mass., for defendants.

DODGE, Circuit Judge. This is a suit under Rev. St. § 4915 (U. S. Comp. St. 1901, p. 3392), seeking to reverse the decision of the Supreme Court for the District of Columbia in interference proceedings. According to the allegations of the bill, the facts were as follows:

The plaintiff Thoma executed his application for a patent April 23, 1906, and on the same day assigned all his right and interest therein to the other plaintiff. His application was filed in the Patent Office April 28, 1906, and the assignment thereof recorded April 4, 1912.

The defendant Perri filed his application for a patent October 19, 1906, and thereafter assigned all his right and interest therein to the other defendant, United Shoe Machinery Company. The dates of this assignment and of its recording are not alleged.

An interference between the two applications was declared November 16, 1909. In the papers therein filed Thoma erroneously fixed the date of his disclosures and drawings as the latter part of February, 1906, whereas they were really in and before December, 1905. Leave to amend was denied and priority erroneously awarded to Perri. This decision was reversed by the Examiner in Chief, who adjudged priority to Thoma on two counts of the interference. On appeal to the Commissioner priority was finally awarded to Thoma on all the counts. On appeal to the Court of Appeals for the District of Columbia this decision was erroneously reversed, and Perri adjudged the original inventor on all the counts. This is the decision now sought to be reversed.

Each defendant has moved to dismiss the bill. Perri's motion is on the ground that because of his assignment to the Shoe Machinery Company, recited as having been executed in December, 1908, he has no interest in the subject-matter of the suit, and is not a proper party thereto. The Shoe Machinery Company's motion is on the ground that it is not an inhabitant of this district, but of the district of New Jersey, and that the court has no jurisdiction over it in the premises. It relies on section 51 of the Judicial Code (Act March 3, 1911, c. 231, 36 Stat. 1101 [U. S. Comp. St. Supp. 1911, p. 150]).

[1] 1. Nothing in the papers shows that the patent for which Perri applied may not be issued to him, notwithstanding his assignment two years later to the Shoe Machinery Company. The Patent Office has full discretion under Rev. Stats. § 4895 (U. S. Comp. St. 1901, p. 3385), to issue it to either of them. Elliott-Fisher Co. v. Underwood, etc., Co. (C. C.) 176 Fed. 372. Perri claims to have been the original inventor, he has been the opposing applicant throughout the interference proceedings, and should be concluded as against Thoma by this suit. I regard him, therefore, as a proper party, and deny his motion.

2. Whether or not the provisions of section 51 of the Code would apply to this case were the Shoe Machinery Company, the sole defend-

ant, if, as I have held, Perri is a party properly before the court, it cannot be regarded as the sole defendant, and the court may, under section 50 of the Code, entertain jurisdiction and proceed to the trial and adjudication of the suit as between all parties who are properly before it. The Shoe Machinery Company does not allege that it is not found within this district, but only that it is not an inhabitant thereof. I therefore deny its motion to dismiss the bill as against it.

## On Rehearing.

[2] The motion of the United Shoe Machinery Company, one of the defendants, that the bill be dismissed as to it, was denied April 7, 1913. See the opinion herein of that date. It has since asked for a rehearing. The briefs submitted upon its application are understood to contain all that either party desires to submit should a rehearing be ordered, and the matter will be dealt with as if reheard.

The suit, because brought under Rev. St. § 4915, arises under the patent right laws of the United States, and is therefore within the exclusive jurisdiction of the federal courts. Judicial Code, § 256. It is also a proceeding differing in character in some respects from ordinary suits of a civil nature at law or in equity, and section 4915 does not make the right to bring it depend in any way upon diverse citizenship of the parties, or upon the amount involved. It is a proceeding maintainable only by virtue of the Statutes of the United States as they existed prior to the judiciary acts of 1887 and 1888. This defendant was found in this district, wherein it has a usual place of business, and was served with process, but is not an inhabitant of this district. Its motion is based on the claim that section 51 of the Judicial Code forbids the bringing of the suit against it in this court.

Rev. Stats. § 4915, was first enacted in 1870. The remedy provided is to be by bill in equity, which would then have had to be brought in the Circuit Court, and is now to be brought in the District Court. "The court having cognizance thereof" is to determine the right of the applicant to whom a patent has been refused, "on notice to adverse parties and other due proceedings had." There are no other provisions as to venue or process. It has not been suggested that the question, what District Court is to have cognizance of the suit, depends upon any rule other than those applying in the case of other federal suits in equity under the patent laws, except that, not being a suit for infringement, it is not governed by section 48 of the Judicial Code: See Greenwood v. Dover, 194 Fed. 91, 92, 114 C. C. A. 169.

It was held in 1895, in the Circuit Court for this district, that notwithstanding anything said by the Supreme Court in Re Hohorst, 150 U. S. 653, 14 Sup. Ct. 221, 37 L. Ed. 1211, a New Jersey corporation could not be sued for infringement in this court, though it had a place of business in this district. Donnelly v. United States Cordage Co. (C. C.) 66 Fed. 613. The same decision was made by the same court in May, 1896, in Gorham Mfg. Co. v. Watson (C. C.) 74 Fed. 418, but without mention of Re Keasbey & Mattison Co., 160 U. S. 221, 16 Sup. Ct. 273, 40 L. Ed. 402, decided in December, 1895, and relied upon by the plaintiff here as reiterating what was said in Re Hohorst. This

court then said it would follow its decision in Donnelly v. Cordage Co. "until this precise question shall have been authoritatively determined by the Supreme Court or by a Circuit Court of Appeals." In 1897 the statutory provisions applying to infringement suits, now contained in section 48 of the Judicial Code, were enacted, and they may be regarded as accounting for the fact that no later decision upon the question appears to have been made in this circuit. It has not been determined by the Supreme Court except so far as Macon, etc., Co. v. Atlantic, etc., R. Co., 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. 300, can be said to have determined it. There have been, however, since 1896 decisions upon it by at least two Courts of Appeals in other circuits. In Southern Pac. Co. v. Earl, 82 Fed. 690, 27 C. C. A. 185 (1897), that court for the Ninth Circuit held that the provisions of 1888, forbidding the bringing of a civil suit by original process in any other district than that whereof he is an inhabitant, did not apply to patent infringement suits, and that service of process upon a defendant in such a suit gave the Circuit Court jurisdiction over him whether he was an inhabitant of the district or not. In Westinghouse, etc., Co. v. Great Northern, etc., Co., 88 Fed. 258, 31 C. C. A. 525 (1898), the same court for the Second Circuit made a decision to the same effect, holding also that the enactment of the act of 1897 (section 48 of the Code) did not divest jurisdiction thus previously obtained. Both these decisions were based upon Re Hohorst and Re Keasbey & Mattison Co., cited above, and upon the distinction drawn in each of those cases between suits within the exclusive jurisdiction of the federal courts because of their subject-matter alone, without regard to parties or amount, under statutes in force when the acts of 1887 and 1888 were passed, and suits within the jurisdiction of the Circuit Courts under section 1 of the act of 1887, which deals with so much of the jurisdiction of the Circuit Courts as is concurrent with the courts of the several states and depends on amount.

The defendant contends that in Macon, etc., Co. v. Atlantic, etc., Co., 215 U. S. 501, 30 Sup. Ct. 184, 54 L. Ed. 300, the Supreme Court has made a decision involving the conclusion that these and all other decisions to the same effect are wrong. The suit was in equity to enjoin railroads from putting a tariff schedule into effect on the ground that it violated rights secured by the Interstate Commerce Act of February 4, 1887 (Act Feb. 4, 1887, c. 104, 24 Stat. 379 [U. S. Comp. St. 1901, p. 3154]). It was brought by Georgia citizens in the Circuit Court for the Southern District of that state, and the defendant railroads served with process were corporations of states other than Georgia, but found within the district and operating therein. See Id. (C. C.) 163 Fed. 736. If the jurisdiction had depended upon diverse citizenship alone, the court would have had jurisdiction, under the last clause of section 1 of the act of 1887, because the plaintiffs resided within the district. The Supreme Court was of opinion that the case was also one arising under a law or laws of the United States, and therefore governed by section 1, but not within the last clause of that section because jurisdiction was not "founded only on the fact" of diverse citizenship.

It is said in the opinion (215 U. S. page 510, 30 Sup. Ct. 188, 54 L. Ed. 300):

"We are of opinion that the jurisdictional statute of 1888 is applicable, even upon the assumption that the cause of action was alone cognizable in a court of the United States, as the particular venue of the action was not provided for elsewhere than in that statute."

The grounds for the assumption referred to are nowhere expressly stated in the opinion, but that they are not to be found elsewhere than in the provisions of the Interstate Commerce Act seems obvious; and, if so, they did not consist in express statutory provisions, like those applying in patent cases, conferring exclusive jurisdiction because of subject-matter alone, and without regard to parties or amount. I am therefore unable to consider it now settled by the above quotation that patent cases are within the provisions of section 1 of the act of 1887–88.

In Lewis, etc., Co. v. Arbetter, etc., Co. (C. C.) 181 Fed. 974, the Circuit Court in the Illinois Northern District held that the provisions of the section just referred to do not govern in the case of a suit under Rev. Stats. § 4915, and that such a suit may be brought in any district where valid service can be had on the defendant. This was in October, 1910. No reference is found in the careful opinion to the decision in Macon, etc., Co. v. Atlantic, etc., Co., which, made as it was in January of the same year, can hardly be supposed to have been unnoticed by the learned judge. Butterworth v. Hill, 114 U. S. 128, 5 Sup. Ct. 796, 29 L. Ed. 119, seemingly applying the provisions of Rev. St. § 739, to suits under section 4915, was not regarded as an authority to the contrary, the point not being necessary to the conclusion reached. 181 Fed. page 977. Nor is this case referred to in any of the Supreme Court decisions hereinabove cited.

I think the ruling warranted that of a suit under section 4915 that court has cognizance within whose district the adverse parties are found. If found within the district, notice as required by the section can be given them, and the proceedings under it do not contemplate any personal judgment against them. See Ladew v. Tennessee, etc., Co., 218 U. S. 357, 365, 31 Sup. Ct. 81, 54 L. Ed. 1069. The defendant's motion, having no other basis than its claim that the court is without jurisdiction over it, must therefore be denied.

Even if it be conceded that the court would be without jurisdiction over this defendant were it the only "adverse party" to the plaintiffs' proceeding, its right to an immediate dismissal of that proceeding as against it, does not seem to me established. Perri, according to the bill, whether he now owns the invention or not, is the only person claiming priority in it, he was the only adverse party in the interference proceedings, and the only adverse party before the Court of Appeals for the District of Columbia. See Perri v. Thoma, 39 App. D. C. 460. The only object of the present bill being to establish Thoma's right to a patent, so far as that right depends upon his priority as inventor over Perri, to whom the court referred to has awarded priority, Perri, it would seem, is the only indispensable party defendant. I must at least regard him as a necessary party, nor can I believe that,

as this defendant contends, it can defeat the proceedings against him by getting the bill dismissed as to it. Under section 50 of the Code, I think the plaintiffs, at least entitled to judgment as between them and Perri, without dismissal as against this defendant, who has been found in the jurisdiction, and, if an adverse party under section 4915, has been notified; whatever the effect of such a judgment as concluding it.

I must therefore adhere to the decision already made and deny the application for rehearing.