## BECKER v. GENERAL CHAIN CO.

(Circuit Court of Appeals, First Circuit. May 12, 1921.)

No. 1497.

1. **Patents ⬅95, 114—Assignee can prosecute application in Patent Office and bring suit to compel issuance of patent.**

   Under Rev. St. § 4895 (Comp. St. § 9439), which permits a patent to be granted to an assignee, and requires that in all cases of an application by an assignee the application shall be made and the specifications sworn to by the inventor, when construed in the light of the enactments from which it was taken, an assignee can prosecute an application in the Patent Office as expressly permitted by the Patent Office rules, and therefore can bring in his own name the suit to compel the issuance of a patent authorized by section 4915 (section 9460), which suit is in reality a continuation of the prosecution of the original application.

2. **Statutes ⬅225¾—Re-enactment after construction is strong indication of intent to adopt construction.**

   Where Congress re-enacted a statute some years after it had been construed, and such construction was unquestioned for more than 40 years after re-enactment, those facts are a strong, if not conclusive, indication of the intent of Congress in the re-enactment of the law to adopt the construction.

3. **Patents ⬅95—Assignee of full interest obtains full title, regardless of how patent was issued.**

   An assignee of the entire interest in an invention and right to a patent obtains full title when the patent is issued, whether the patent is issued to him on request made in the assignment or issued to the inventor, in the absence of such request in the assignment.

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

**4. Patents ⚙⟶114—After time for filing bill court can permit original inventor to be joined as plaintiff in assignee's bill.**

Where an assignee of an invention had filed his bill, under Rev. St. § 4915 (Comp. St. § 9460), to compel the issuance of a patent to him, within the time prescribed by section 4894 (section 9438), the court could thereafter in its discretion authorize the original inventor to be joined as a party plaintiff without affecting the right to maintain the suit, though the suit could not be maintained under those circumstances if the inventor was a necessary party to the original bill.

Appeal from the District Court of the United States for the District of Massachusetts; George W. Anderson, Judge.

Suit by Charles A. Becker against the General Chain Company to secure the issuance of a patent. From a decree dismissing the bill, plaintiff appeals. Reversed and remanded.

Edwin J. Prindle, of New York City (Clarence O. McKay, of New York City, Russell M. Everett, of Newark, N. J., and Francis J. V. Dakin, of Boston, Mass., on the brief), for appellant.

A. D. Salinger, of Boston, Mass., for appellee.

Before BINGHAM and JOHNSON, Circuit Judges, and ALDRICH, District Judge.

BINGHAM, Circuit Judge. This is an appeal from a decree of the District Court for Massachusetts dismissing a bill in equity brought under section 4915, R. S. (Comp. St. § 9460), by Becker, assignee through mesne assignments, dated January 26, 1916, and April 7, 1917, of the entire interest in the invention and application of Robert Hauschild, serial No. 654,658, for letters patent filed October 14, 1911. The defendant is the General Chain Company, assignee of the invention and application, serial No. 679,428, of Eugene Speidel. This assignment was made March 6, 1919, after a decision by the Court of Appeals of the District of Columbia (March 3, 1919) in favor of the Speidel application in an interference proceeding between the two applications. 48 App. D. C. 419. The Hauschild assignment was made pending the prosecution of his application in the Patent Office. This bill was filed March 2, 1920.

In the court below the defendant moved to dismiss upon the ground that the bill was brought by the assignee, instead of the inventor, Hauschild. The plaintiff filed a motion to amend by making Hauschild a party plaintiff. The latter motion was not made until after the expiration of one year from the last action of the Patent Office on the Hauschild application. The court denied the plaintiff's motion to amend and granted the defendant's motion to dismiss the bill.

It does not appear from the record whether the assignment executed by Hauschild contained a request to the Commissioner of Patents to issue the patent to the assignee. But it does appear that the assignments were duly recorded in the records of the Patent Office and that the plaintiff, after obtaining his assignment, prosecuted the application by taking an appeal from the decision of the Examiners in Chief to the

⚙⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Commissioner of Patents, and from his decision to the Court of Appeals of the District of Columbia.

It is contended on behalf of the defendant that the bill was properly dismissed for the reason that an assignee of an application for a patent, which has been denied by the Patent Office, is not a proper party to a bill under section 4915, as he is not an applicant within the meaning of that terms as employed in the act; that, while proceedings under section 4915 are not appeals, but independent suits in equity (Greenwood v. Dover, 194 Fed. 91, 114 C. C. A. 169), they are, nevertheless, a part of the application for a patent (Gandy v. Marble, 122 U. S. 432, 7 Sup. Ct. 1290, 30 L. Ed. 1223), and in essence a continuation of the proceedings on the application in the Patent Office; that the provisions of law contained in section 4895, R. S. (Comp. St. § 9439), and other sections preceding and following it relating to applications for patents, require that the application for the issue of a patent shall be made by the inventor or discoverer, if he is alive; that an assignee cannot make such an application; and that, if he does not come within the meaning of the provisions of law regulating an application in the Patent Office, he is not an applicant within the meaning of that term as employed in section 4915. In other words, its position is that the inventor, if living, is an indispensable party plaintiff in a bill in equity under section 4915.

Section 4915, Rev. St. (Comp. St. § 9460) reads as follows:

"Sec. 4915. Whenever a patent on application is refused, either by the Commissioner of Patents or by the Supreme Court of the District of Columbia upon appeal from the Commissioner, the *applicant* may have remedy by bill in equity; and the court having cognizance thereof, on notice to adverse parties and other due proceedings had, may adjudge that *such applicant* is entitled, according to law, to receive a patent for his invention, as specified in his claim, or for any part thereof, as the facts in the case may appear. * * *"

Section 4895, Rev. St. (Comp. St. § 9439) is as follows:

"Sec. 4895. Patents may be granted and issued or reissued to the assignee of the inventor or discoverer; but the assignment must first be entered of record in the Patent Office. And in all cases of *an application by an assignee for the issue of a patent*, the application shall be made and the specification sworn to by the inventor or discoverer; and in all cases of an application for a reissue of any patent, the application must be made and corrected specification signed by the inventor or discoverer, if he is living. * * *"

The subject-matter contained in section 4915 first appeared in section 16 of the Act of July 4, 1836 (5 Stat. at Large, 123). Section 16 was amended by section 10 of the Act of March 3, 1839 (5 Stat. at Large, 354), but not in a manner affecting the question here involved. It was re-enacted in section 52 of the Act of July 8, 1870 (16 Stat. at Large, 205), in the language now found in section 4915.

The subject-matter of section 4895 was first dealt with by Congress in section 6 of the Act of March 3, 1837 (5 Stat. at Large, 193). It then read:

"Sec. 6. *And be it further enacted*, that any patent hereafter to be issued, may be made and issued to the assignee or assignees of the inventor or discoverer, *the assignment thereof being first entered* of record, and *the application* therefor being *duly made*, and the *specification duly sworn to by the inventor.* * * *"

In section 33 of the Act of July 8, 1870 (16 Stat. at Large, 202), section 6 of the Act of 1837 was amended to read as follows:

"Sec. 33. *And be it further enacted,* that patents may be granted and issued or reissued to the assignee of the inventor or discoverer, the assignment thereof being first entered of record in the Patent Office; but in such case the application for the patent shall be made and the specification sworn to by the inventor or discoverer; and also, if he be living, in case of an *application* for reissue."

[1] Under either section 6 or section 33 an inventor could assign his right to obtain a patent, prior to filing an application and specification verified by his oath. Section 33 was amended in the Revised Statutes of 1878, and as now found in section 4895 authorizes an assignee to make application for the issue of a patent, and provides how he shall do it. In such case it requires that the application or petition shall be made—that is, signed—and the specification sworn to by the inventor or discoverer, if he is living. And the further provisions of the section recognize that if he is not living or is insane, the assignee must have the application or petition signed and the specification sworn to by the executor or guardian of the inventor (section 4896 [Comp. St. § 9440]). This not only plainly appears from section 4895, but is evidently the meaning placed upon it by the Patent Office, for, in this very proceeding, the plaintiff, after obtaining his assignment, was permitted to prosecute the application in the Patent Office, and did so during the greater portion of the proceedings in that office. See Rev. St. §§ 4909, 4910, 4911, Act Feb. 9, 1893, 27 Stat. at Large, c. 74, § 9 (Comp. St. §§ 9454–9456).

Then again rule 17 of the Patent Office provides that "an applicant or an *assignee of the entire interest* may prosecute his own case," and rule 5 that "the assignee of the entire interest of an invention is entitled to hold correspondence with the office to the exclusion of the inventor." Under the latter rule it is held that upon the request of such an assignee the inventor shall be excluded from participation in the proceedings. See Stoddard's Annotated Patent Office Rules, pp. 10, 11.

Instead, therefore, of an assignee being unable to prosecute an application in the Patent Office under section 4895, as the defendant contends, the contrary is true, for the law authorizes and the practice and rules of the Patent Office permit it; and, as a proceeding under section 4915 is in reality a continuation of the prosecution of the original application, there would seem to be no reason why the assignee of the entire right to a patent, who is permitted to prosecute an application in the Patent Office under section 4895, should not be allowed to do so in this court under section 4915.

It is also to be noted that in 1849, Mr. Justice Nelson of the Supreme Court, sitting as Circuit Justice in the Circuit Court for the Southern District of New York, in the case of Gay v. Cornell, 10 Fed. Cas. 110, Case No. 5,280, had under consideration the right of an assignee to prosecute a bill in equity under section 16 of the Act of July 4, 1836, as amended by the tenth section of the Act of March 3, 1839, the predecessor of section 4915, and that, at the time the case then under consideration arose, the sixth section of the Act of March 3, 1837, the

predecessor of section 4895, was in existence. And it was held that the assignment was valid and the bill properly brought in the name of the assignee. The decision reads:

"Nelson, Circuit Justice. The sixteenth section of the Act of July 4, 1836, speaks of the party making the application for the patent, as the proper person to file a bill in case of a refusal by the Board of Examiners to grant the patent [the Chief Justice of the District of Columbia was afterwards substituted in their place], and, doubtless, referred to the inventor, as no provision then existed authorizing him to assign his interest before the issuing of the patent. But, the sixth section of the Act of March 3, 1837 (5 Stat. 193), provides, that any patent thereafter to be issued, may be issued to the assignee of the inventor, the assignment being first entered of record; the application still to be made in the name of the inventor, and the specification to be sworn to by him. After the assignment of the invention, under this section, by which the inventor divests himself of all interest therein, and transfers it to the assignee, although the application for the patent must be made in his name, in conformity with the statute, still, for all substantial purposes, and in judgment of law, the assignee is the party making the application, and, we think, comes, if not within the letter, at least within the spirit of the provisions of the sixteenth section of the Act of 1836, and of the tenth section of the Act of March 3, 1839. He would, no doubt, be held liable as such for the expenses mentioned in the latter part of the sixteenth section, and for any other to which the applicant might become subject. * * *

"Upon the whole, we think the assignment is valid, and the bill properly filed in the name of the assignee, he being the only real party in interest, and that the averments and facts set forth therein show a sufficient title prima facie in him to the patent, on the ground that Perry was the first and original inventor.

"Demurrer overruled.

[2] It is not to be forgotten that, after the lapse of 20 years from the decision of Mr. Justice Nelson interpreting the meaning of the words "applicant" and "application" in section 16 of the Act of July 4, 1836, construed in the light of the sixth section of the Act of March 3, 1837, Congress, in 1870, re-enacted section 16, using the same language, so far as the question here is concerned, and no doubt did so with full knowledge of the meaning which the court had put upon the words 20 years before, and that that construction, so far as we can ascertain, has not been questioned down to the present time. This is a strong, if not conclusive, indication of the intent of Congress in the re-enactment of the law. It is also made evident that Congress had in mind the decision of Mr. Justice Nelson when, in the Revised Statutes in 1878, it enacted section 4895, amending section 33, and expressly provided for "an application by an assignee," making the letter of the law comply with its spirit.

[3] It has been held time and again that an assignee of the entire interest in an invention and right to a patent obtains full title, when the patent is issued, and that this is so whether the patent is issued directly to him, a request to that effect having been made in the assignment, or whether it is issued to the inventor, no such request having been made in the assignment. Gayler v. Wilder, 10 How. 476, 491–494, 13 L. Ed. 504; Railroad v. Trimble, 10 Wall. 367, 19 L. Ed. 948; Wende v. Horine (C. C.) 191 Fed. 620; Individual Drinking Cup Co. v. Osmun-Cook Co. (D. C.) 220 Fed. 335; Colman et al. v. American Warp

Drawing Machine Co. (D. C.) 235 Fed. 531; Thoma v. Perri (D. C.) 205 Fed. 632.

As the assignee of the entire interest in an invention is the only party directly interested in the prosecution of an application for a patent, there can be no doubt of his right to institute proceedings under section 4915. The court below erred in dismissing the bill.

[4] The bill having been properly brought by the assignee within the time allowed by law, it was within the discretion of the court to permit the inventor, Hauschild, to be joined as a party plaintiff. If the assignee had not the right to institute the suit, it may be doubtful whether such an amendment could be allowed after the expiration of the time prescribed by section 4894, R. S. (Comp. St. § 9438), in the absence of proof disclosing that the delay was unavoidable. But, as we have no such question here, we refrain from deciding it.

If in Wende v. Horine (C. C.) 191 Fed. 620, the inventor was rightly allowed to prosecute a bill under section 4915, it would seem that it must have been upon the ground that he was technically an applicant within the meaning of that section and was under some duty to prosecute the same to protect the interest of the assignee. Apparently the court in that case overlooked certain language contained in section 4895 and reached a conclusion different from what it otherwise might, for in quoting from that section it omitted the clause—"And in all cases of an *application by an assignee* for the issue of a patent"—recognizing the right of an assignee to make an application, and only quoted the portion which states that "the application shall be made and the specification sworn to by the inventor or discoverer," which, as previously pointed out, simply shows how "an application by an assignee" shall be made—that is, that the application or petition shall be signed and the specification sworn to by the inventor or discoverer.

The decree of the District Court is reversed, and the case is remanded to that court for further proceedings not inconsistent with this opinion, with costs to the appellant.