HILDRETH v. AUERBACH et al.

(District Court, S. D. New York. December 3, 1912.)

PATENTS (§ 202*)—TITLE—EFFECT OF ASSIGNMENT OF INVENTION.

An interest in an invention and an inchoate right to a patent therefor may be assigned, and, when so assigned, the legal title to the patent, when issued, vests in the assignee, although it may be issued in the name of the inventor; and it is not essential to such vesting of title that the assignment shall contain a request to the Commissioner of Patents that the patent shall issue to the assignee.

[Ed. Note.—For other cases, see Patents, Cent. Dig. §§ 281–289; Dec. Dig. § 202.*]

In Equity. Suit by Herbert L. Hildreth against A. Leopold Auerbach and Joseph S. Auerbach. On demurrer to bill. Demurrer overruled.

Paul Armitage, of New York City, for complainant.

Joseph L. Levy, of New York City, for defendants.

NOYES, Circuit Judge. The substantial question raised by the demurrer is whether it appears from the bill that the complainant had the entire legal title to the Thibodeau patent in suit when the bill was filed. It is averred that all persons who had any interest in the invention assigned their interests either directly or indirectly to the complainant before the patent was issued and it is conceded that he has, upon the pleadings, full equitable title. Consequently if there be any outstanding legal title, all that would be necessary to vest it would be for some person to convey the form of that which he has already conveyed the substance. A conclusion which would suspend the litigation until this formality could be complied with or until some person could be joined as a merely technical party should not be reached unless established principles require it.

The law is not that the legal title to a patent necessarily vests in the person to whom it is issued. An interest in an invention and an inchoate right to a patent therefor may be assigned, and it is settled by authority that where such rights and interests are assigned and the assignment contains a request to the Commissioner of Patents to issue the patent to the assignee, the legal title to the patent upon its issuance will vest in the assignee notwithstanding that the patent may be issued in the name of the inventor. Gayler v. Wilder, 10 How. 477, 13 L. Ed. 504. If, in the present case, it were averred that the various assignments contained requests to the Commissioner to issue the patent to the assignees, it would be unquestionable that a vesting of the legal title in the complainant would be shown although the patent actually issued to Kitzmiller and Duff, intermediate assignees, and although those persons do not appear to have held the entire title.

There are, however, no averments in the bill that the assignments contained the requests aforesaid and the real inquiry comes down to this: Is the presence of such a request in an assignment made before ·

the issuance of a patent and duly recorded necessary to vest in the assignee the legal title to the patent when issued? Upon this question the authorities are in conflict. Harrison v. Morton, 83 Md. 477, 35 Atl. 99, holds that such request is essential. See also Walker on Patents, p. 235, 236; Robinson on Patents, p. 580. The contrary view is held in the very recent case of Wende v. Horine (C. C.) 191 Fed. 620.

If the law were that the legal title to a patent vests only in the person in whose name it is issued, I could appreciate the necessity for a request in the assignment of a patent for its issuance to the assignee. In that case the presence of a request would undoubtedly be a necessary step in the transfer of the legal title. But once it is accepted that the legal title is not necessarily in the person named as patentee, I fail to see how the absence of a request can prevent the passing of the title. In other words if the action of the Patent Office in issuing the patent to the assignee—the important thing—be not necessary to vest the legal title in him, how can the request for such action—the incident—be essential? It seems to me the better view that the incident may be disregarded and that an assignee takes his title altogether by virtue of his grant and not at all through any request to the Commissioner of Patents.

The demurrer must be overruled with costs and the defendant assigned to answer at the next rule day.