INDIANA MANUFACTURING CO. *v.* SWIFT.

[No. 22,744. Filed November 28, 1916.]

1. PATENTS.—*Assignment.*—An inventor has an inchoate right in his invention which he may sell and assign either before or after he makes application for a patent. p. 620.

2. PATENTS.—*Assignment before Grant of Patent.—Validity.*—It is not essential to convey title to the inventor's inchoate right in an invention before the issuance of letters patent that an assignment thereof must be recorded, or be in proper form for recording, for, as between the parties and as against every one except a subsequent purchaser without notice, an unrecorded assignment is sufficient. p. 621.

3.  PATENTS.—*Assignment before Issuance of Letters Patent.—Validity.* —Where, at the time of an assignment, an inventor had perfected his invention so far as the drawings were concerned and had them in pencil on patent sheets, his assignment was sufficient to convey the inchoate title in the invention, and the subsequent issuance of letters patent to the inventor served, by operation of law, to vest also in the assignee the equitable title to such letters.   p. 621.

4.  PATENTS.—*Assignment.—Validity.*—If an assignment of an invention is properly placed of record in the patent office, and contains a request that the letters issue to the assignee rather than to the inventor, it will serve to convey to the former the legal title to the patent, even though it be issued in the name of the assignor. p. 622.

5.  PATENTS.—*Assignment.—Validity.—Failure of Consideration.— Evidence to Establish.*—Where, prior to the grant of letters patent, an inventor assigned his interest, but the assignment was held insufficient for record by the patent office, which issued the patent in the name of the inventor, who, however, made no claim to it and offered to convey by a valid assignment, the attempted assignment obligated the inventor to execute, at the assignee's request, such papers as were necessary to assist the latter in obtaining whatever patent rights he desired, and an action on notes given in payment for such assignment could not be defeated for failure of consideration in the absence of a showing that the inventor refused to convey legal title to the patent to the assignee.   p. 622.

From Marion Circuit Court (18,828); *Charles Remster*, Judge.

Action by Rodney B. Swift against the Indiana Manufacturing Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.*

*Harold Taylor* and *Miller, Shirley, Miller & Thompson*, for appellant.

*Addison C. Harris*, for appellee.

SPENCER, J.—Appellee has recovered a judgment against appellant in the sum of $8,046, which represents the amount of principal and accrued interest to the date of judgment on three promissory notes, unpaid and past due, which were executed by appellant on March 25, 1903. The questions presented by this appeal from said judgment will best appear from a consideration, in substance, of the facts found specially by the trial court as a basis for its decision.

A few days prior to the execution of the notes in suit the president of appellant company entered into an oral agreement with appellee, who is a patent attorney, whereby the latter undertook to cause to be prepared certain drawings, claims and specifications for an invention then being perfected, but on which no patent had issued, for the handling, pneumatically, of shredded corn fodder, straw and the like in connection with the use of harvesting machinery; also to procure an application for letters patent thereon by the inventor and the issuance of a patent by the government of the United States, and to procure to be executed by the inventor an assignment of such invention and patent to appellant. In consideration for such services the company executed a series of promissory notes in the aggregate amount of $25,000, all of which notes, except the three now in suit, were paid at maturity. Pursuant to this agreement, and on May 25, 1903, appellee procured the execution by said inventor of the following instrument in writing:

"Assignment.

"WHEREAS, I, John M. Culver, of 356 Dearborn street, Chicago, Illinois, have invented certain new and useful improvements in Wind Stackers, adapted for use on Threshers, Fodder Shredders, and for other purposes, application for patent on which is now in process of preparation,

"AND WHEREAS, The Indiana Manufacturing Company, a corporation of West Virginia, with its place of business at Indianapolis, in the State of Indiana, is desirous of acquiring the entire right, title and interest therein.

"NOW THEREFORE BE IT KNOWN, That for One Dollar, and other good and valuable consideration, the receipt of which is hereby acknowledged, I have sold, and by these pres-

ents do hereby sell and convey to the said The Indiana Manufacturing Company, its assigns and legal representatives, all my right, title and interest in and to the said invention and the Letters Patent to be obtained therefor, to have and to hold for the full term for which patent may be obtained on the said invention, together with the right to obtain foreign patents and I hereby agree to execute all papers necessary for the obtaining of patents in this and foreign countries.

"The Commissioner of Patents is authorized and hereby requested to issue any patents that may be obtained on said invention to the said The Indiana Manufacturing Company.

"In Witness Whereof, I hereunto set my hand and seal this twenty-fifth day of March, 1903.

                    (Signed)   JOHN M. CULVER."

This instrument was duly acknowledged before a notary public and mailed by appellee, on the day of its execution, to the office of appellant at Indianapolis, where it was received in due course, and has since remained in the control of appellant. The specifications, drawings, claims and application contemplated by the agreement of the parties were duly prepared and filed by appellee, as attorney for the inventor, in the United States Patent Office on September 12, 1903, under serial No. 172,858, and a patent was allowed thereon by the Commissioner of Patents on October 3, 1904. It then developed that the assignment of May 25, 1903, had not been forwarded by appellant to the patent office, and appellee, on paying the final patent fee, directed that the letters patent be issued in the name of the inventor, which was done on February 21, 1905, under patent No. 783,025. Appellee thereafter advised appellant of the issuance of the letters patent but was informed that the assignment in question had been lost, whereupon he procured the execution,

on or about June 5, 1905, of a patent deed from Culver to appellant. This deed was properly mailed by appellee to the office of appellant but appears not to have been received by the latter. In the summer of 1907 appellant requested appellee to procure the execution of another patent deed from Culver, but before the same could be procured the assignment of May 25, 1903, was found in the office of appellant company and mailed to the patent office for record. It was there refused and returned on the ground that it failed properly to identify the patent in question with the application and invention, and on the further ground that it did not transfer any interest in said patent to appellant. Subsequently, appellee procured the execution of a new patent deed from Culver to appellant and tendered the same to the latter during the trial of this cause but it was refused. Neither of the parties hereto nor the inventor has ever asserted any ownership of, or any interest in, said patent or said invention, except as above set out, and appellant has never acquired any title thereto except through the instruments heretofore mentioned. The trial court has concluded, however, that appellant has thus acquired the equitable title to the invention in question; that said equitable title furnished some consideration for the execution of the notes in suit; that said notes were given for a valuable consideration, and that there has not been a failure of consideration for the same.

The principal inquiry in this case is to determine the legal effect of the assignment of May 25, 1903.

1. The rule is well settled that an inventor has an inchoate right in his invention which he may sell and assign either before or after he makes application for a patent. 1 Rogers, Patents 189; *Gayler* v. *Wilder* (1850), 10 How. (U. S.) 476,

13 L. Ed. 504; *Cook* v. *Sterling Electric Co.* (1902), 118 Fed. 45, 46. As pointed out in the case last cited, the sale of this inchoate right before letters patent are granted is governed by the general principles of law which relate to bargains and sales.

2. It is not essential that, to convey such title, an assignment thereof must be recorded, or be in proper form for recording, for, as between the parties and as against every one except a subsequent purchaser without notice, an unrecorded assignment is sufficient. 1 Rogers, Patents, 189; *DeLaVergne Machine Co.* v. *Featherstone* (1892), 147 U. S. 209, 228, 13 Sup. Ct. 283, 37 L. Ed. 138.

Appellant contends, however, that a mental conception of an improvement on an existing machine, unreduced to practice and unexpressed in any physical form or descriptive specification, does not constitute an invention (*Lamson* v. *Martin* [1893], 159 Mass. 557, 566, 35 N. E. 78), and that although one may enter into a valid agreement to sell an invention not yet developed by him, he cannot make a valid sale thereof. *Regan Vapor-Engine Co.* v. *Pacific Gas Engine Co.* (1892), 49 Fed. 68, 70, 1 C. C. A. 169, and authorities cited.

We need not here question appellant's statement of the rules relied on, but will note only that their application to this case presupposes that the improvements referred to in the assignment in question existed only in the mind of the inventor and were intangible in form. The trial court has not so found, on an issue tendered by appellant's pleadings, and, on reference to the evidence, it appears that when Culver executed the assignment of May 25,

3. 1903, he had perfected his invention so far as the drawings were concerned, and had them in pencil on the patent sheets at that time. The assignment, then, was sufficient to convey to

appellant the inchoate title in the invention, and the subsequent issuance of letters patent thereon served by operation of law, to vest also in appellant the equitable title to such letters. 30 Cyc 882, and authorities cited; *Gayler* v. *Wilder, supra; Harrison* v. *Morton* (1896), 83 Md. 456, 477, 35 Atl. 99.

If an assignment of an invention is properly placed of record in the patent office, and contains a request that the letters issue to the assignee rather than to the inventor, it will serve to convey to the former the legal title to the patent, even though it be issued in the name of the assignor. *U. S. Stamping Co.* v. *Jewett* (1880), 7 Fed. 869, 877. Some authorities apply the same rule in the absence of a request that the letters issue to the assignee. *Railroad Co.* v. *Trimble* (1870), 77 U. S. (10 Wall.) 367, 379, 19 L. Ed. 948; *Hildreth* v. *Auerbach* (1912), 200 Fed. 972; *Wende* v. *Horine* (1911), 191 Fed. 620.

In the case at bar, however, the assignment was held insufficient for record and did not operate, in and of itself, to convey to appellant the legal title to the patent when issued. Nevertheless, the instrument obligated the inventor to execute, at appellant's request, such papers as were necessary to assist the latter in obtaining whatever patent rights it desired in this or in foreign countries. No limitation is placed on this provision of the assignment and there is nothing in the court's findings of fact to indicate that the assignor has ever refused to execute a proper deed to the letters patent which were issued in his name. Conceding that appellant was under no obligation to maintain a suit for specific performance of this agreement on the part of the inventor (*Jeffries* v. *Lamb* [1880], 73 Ind. 202, 207), it is equally true that before the defense of failure of consideration could be established in this action it must at least appear that

Culver has refused to execute essential papers which he was bound to execute under the contract procured through the efforts of appellee. This agreement clearly contemplates that such papers should be executed at the option of appellant, and until there has been a refusal to convey to it the legal title to the patent in question, there can be no failure of consideration for the notes in suit. The burden rested on appellant to show such a refusal and this it did not do. Without determining, then, whether the conveyance of the equitable title in the invention to appellant is, in itself, sufficient to sustain a recovery in this action, or whether the deed of June 5, 1905, operated in law to convey the legal title to the patent, it is certain that, under the facts and circumstances of the case, appellant has not established its defense of failure of consideration.

This conclusion serves to dispose of such other questions as are presented by the appeal and not waived by appellant's failure to discuss the same in its argument. Judgment affirmed.

NOTE.—Reported in 114 N. E. 214. Validity of note given for patent right where the assignment is defective or invalid, note, 20 L. R. A. 605.