### BY-PRODUCTS RECOVERY CO. v. MABEE.

(District Court, N. D. Ohio, W. D. January 11, 1923.)

No. 218.

1. **Courts ⊛⟶276—Objection to venue in federal court waived by answer to merits.**
    The objection that a federal court is without jurisdiction because defendant is a citizen and resident of a state other than that of suit is waived by an answer to the merits, and cannot be raised by an amended answer.

2. **Judgment ⊛⟶580—Res judicata; conclusiveness not affected by appeal which does not operate as supersedeas.**
    A judgment of a state court granting an injunction, notwithstanding an appeal, which under the state statute does not supersede the injunction, is a bar to a subsequent suit, as to all matters within the jurisdiction of the court and therein determined.

3. **Judgment ⊛⟶577(2)—Res judicata; jurisdiction of subject-matter essential.**
    Want of jurisdiction of the subject-matter, if true, is a good reply to a plea in bar of a former judgment.

4. **Courts ⊛⟶489(3)—State court has jurisdiction of suit to enforce contract for assignment of patent applications.**
    A suit for specific performance of a contract for assignment of applications for patents, to set aside assignments to others, and to enjoin further assignments, does not involve any question of infringement, and is not one arising under the patent laws, of which a federal court is given exclusive jurisdiction by Judicial Code, § 256 (Comp. St. § 1233), but is within the jurisdiction of a state court.

5. **Courts ⊛⟶489(3)—Incidental injunctive relief does not deprive state court of jurisdiction of suit to enforce contract for patent.**
    Where an injunction against the sale of articles manufactured under a patent is only incidental to a decree for specific performance of a con-

tract to convey the patent, it is within the jurisdiction of a state court, if it does not determine questions of infringement.

6. **Specific performance ☞114(6)—Prayer of bill held too vague as basis for decree.**
   Prayer of a bill for specific performance *held* too general and vague to be the basis of a decree as to a part of the relief prayed for.

7. **Courts ☞510—Suit on contract involving Canadian patent rights held within jurisdiction of federal court.**
   A suit for specific performance of a contract relating to rights under Canadian patents *held* within the jurisdiction of a federal court, which had jurisdiction of the parties and where a decree in personam was sought.

In Equity. Suit by the By-Products Recovery Company against Charles R. Mabee. On first defense set up in amended answer. Bill dismissed in part.

Ritter & Hutchens, of Toledo, Ohio, for plaintiff.
James Harrington Boyd, of Toledo, Ohio, for defendant.

PECK, District Judge (sitting by designation). On the first defense set forth in the amended answer. This sets up, in effect, two defenses: (1) That there is no jurisdiction: and (2) res adjudicata, resulting from the proceedings in the state court.

[1] 1. The ground for challenging the jurisdiction seems to be that the defendant, who is averred by the bill to be a British subject, a citizen of the Dominion of Canada is in fact an American citizen and an inhabitant of New York or of Illinois, and, on the jurisdictional ground of diversity of citizenship, only to be sued in the state of his residence. The objection goes to venue, not jurisdiction. Defendant has long since waived this objection by answering to the merits. It is now for the first time presented by an amended answer. General Investment Co. v. Lake Shore & M. S. Ry., 43 Sup. Ct. 106, 67 L. Ed. ——, decided by the Supreme Court, November 27, 1922.

[2] 2. In order to determine whether the state court proceeding shall bar or abate the trial of the issues here presented, or any of them, it is necessary to compare that proceeding with this.

In the state court case the present plaintiff sued Mabee and his assignee, the Long Point Creamery Company, and set up that by assignment it was the owner of Mabee's applications for American patents; that Mabee fraudulently made subsequent assignments of his American applications to the Long Point Creamery Company and others, for the purpose of having the patents issued to himself as inventor, and of throwing the question of title between the rival assignees into litigation, and that he threatened to make other assignments. The prayer was for an injunction against the making or recording of further assignments, for the setting aside of the assignments to the Long Point Creamery Company and others, and for an injunction against making, using, or granting licenses upon the inventions.

The answer and cross-bill averred that the assignment was conditioned that plaintiff should perfect foreign patents in certain countries (not including Canada), that the condition had been broken, and that the

assignments were void for that reason, and for false representations and failure of consideration. The prayer of the answer and cross-petition was for reformation of the instruments of assignment, for cancellation thereof, and for an injunction against making or using the things invented, or licensing the use thereof.

The court of common pleas found generally that the plaintiff was the owner of the applications and inventions, enjoined Mabee from assigning, making, using, or licensing the inventions, and ordered him to assign the same to the plaintiff. Mabee appealed, but his appeal did not vacate the injunction. Section 12234, General Code. The record does not show that the injunction has ever been suspended by the Court of Appeals, and therefore it is still in force, and is a bar to all matters within the jurisdiction of the state court therein determined, and this is so despite the appeal, because it does not supersede the injunction. Collier v. Alexander, 142 Ala. 422, 38 South. 244. The Court of Appeals has handed down its opinion on the merits, indicating that, conditionally upon plaintiff's performing, within a time to be fixed, not less than a year, its contract to develop the patents, it may take a decree for injunction as prayed. But no decree has as yet been entered by the Court of Appeals, and so the bar, if any, is that of the decree of the court of common pleas. Oklahoma City v. McMaster, 196 U. S. 529, 25 Sup. Ct. 324, 49 L. Ed. 587.

Both actions were brought on the same day. Service was first had in the state court case. Contrasting this case with that one. the plaintiff here, by its bill, claims the entire title to Mabee's American applications, by various assignments, and charges the making and threatened making of fraudulent assignments subsequent to those to plaintiff. But, in addition to the foregoing allegations common to both bills, the plaintiff here alleges that Canadian patents upon the inventions were issued to it, that Mabee agreed to assist in forming a corporation there for exploiting the same, but that he has wrongfully assisted others in the organization of such corporation for the use of the Canadian patents, which corporations are now so doing. It also alleges here, but not in the state court, that Mabee agreed to assist it in procuring the issuance of patents, the development of the inventions, and the forwarding of the business, but has failed to do so. It prays for an injunction against further assignments, and against the making, vending, or licensing the use of the inventions, as in the other case. The added prayers are for injunction against making, using, or licensing others to make or use the inventions covered by the Canadian patents, and for specific performance of the contract to assist in the precurement and development of the patents. In the state courts, the National Dairy Company was added as a party defendant; it being among the alleged subsequent assignees.

It is claimed that the judgment of the court of common pleas is res adjudicata; furthermore, that the action in the state court is one for the possession of personal property, viz. the inventions which are the subject-matter of the patent applications, and that the state court acquired jurisdiction first, and so has exclusive jurisdiction to deal with them. It is claimed, on the other hand, that the present action

deals with additional subject-matters, viz. the Canadian rights and the agreement to assist, of which latter specific performance is asked. The rejoinder is that defendant disclaims and disavows on the record any Canadian rights, and that the prayer for specific performance deals with matters so general and indefinite as to be beyond equity jurisdiction. The further questions arise whether the state court had jurisdiction of the subject-matter in view of the exclusive jurisdiction of federal courts over cases arising under the patent laws (Judicial Code, § 256 [Comp. St. § 1233]), and whether the state court's jurisdiction can here be drawn in question. It is also to be considered whether this court has any jurisdiction over the subject of the Canadian rights or the infringement of the Canadian rights.

[3] Want of jurisdiction of the subject-matter is, if true, a good reply to the plea of the bar of the former judgment. Reynolds v. Stockton, 140 U. S. 254, 11 Sup. Ct. 773, 35 L. Ed. 464; Swift v. Meyers et al. (C. C.) 37 Fed. 37; 23 Cyc. 1576. But did the state court lack jurisdiction?

[4] As there is no common-law right of monopoly in an invention, that which was transferred to plaintiff, according to the bill, was the inchoate right to procure letters patent (Gayler v. Wilder, 10 How. at page 492, 13 L. Ed. 504), of which an assignment conveys the legal title to the patent when issued (Wende v. Horine [C. C.] 191 Fed. 620; Hildreth v. Auerbach [D. C.] 200 Fed. 972; Individual Drinking Cup. Co. v. Osmun-Cook Co. [D. C.] 220 Fed. 335). But prior to the date of his patent the inventor had no exclusive right to make, use, or sell his invention. Brill v. St. Louis Car Co. (C. C.) 80 Fed. 909, 910. Therefore the action in the state court was not one for the infringement of a patent, but to enforce a contract establishing title to an invention, drawing with it right to obtain a patent and to enjoin violation of that contract.

[5] It is established that, while federal courts have exclusive jurisdiction of all actions arising under the patent laws, such jurisdiction does not extend to every case in which a patent may be the subject-matter of controversy; that state courts may try questions of title and construe and enforce contracts relating to patents; that a suit to compel an assignment of a patent pursuant to a contract is within the jurisdiction of the state courts; and that, where an injunction against the sale of articles manufactured under a patent is only incidental to a decree for specific performance of a contract to convey the patent, it is within the jurisdiction of the state court, if it does not determine questions of infringement. New Marshall Engine Co. v. Marshall Engine Co., 223 U. S. 473, 32 Sup. Ct. 238, 56 L. Ed. 513. Therefore it appears that the state court had jurisdiction of the matters brought before it by the petition, and upon them its judgment is conclusive.

[6] As to the matter of specific performance, it is alleged that the defendant agreed to render all possible assistance for the procurement of patents upon the inventions, and to assist in every way in the development of the business of the plaintiff and the sale of the machinery and licenses to be issued by it in utilization of the inventions; that

these services of the defendant are essential to it in the development of the inventions and processes; that plaintiff is unable to procure the services of any other person to carry out the provisions of the contract; and the prayer is that he be ordered to assist the plaintiff in procuring patents upon applications pending in the United States Patent Office and in the prosecution and development of its business, assist in the organization of corporations to manufacture and utilize the inventions, processes, and patents described, together with any reissues, renewals, and divisions thereof, or improvement thereon. Except in so far as this prayer is for an order directing him to assist in the procurement of letters patent upon the specified applications, it is too general, as well as too vague, to be made the subject of an order for specific performance. Karrick v. Hannaman, 168 U. S. 328, 335, 18 Sup. Ct. 135, 42 L. Ed. 484; 36 Cyc. 579.

Concerning the applications, it was stated at the hearing that upon 14 of the 17, in all, which were set forth in the bill, patents have been issued. If this be true, plaintiff apparently needs no mandatory injunction or assistance with regard thereto. As to the other 3, the condition of the application has not been stated; but inasmuch as the dates range from 1912 to February, 1916, it is thought probably that they may no longer be in condition to prosecute. But apart from that consideration, in the state court plaintiff asked for and got an order requiring Mabee and the Long Point Creamery Company to assign these applications to the plaintiff, and if the plaintiff needed any further assistance with regard thereto, there seems to be no reason why it should not there have been asked. The assignments and contracts upon which relief is asked here are the same ones which were there similarly in issue. The prayer for specific performance of the contract to procure patents is only an elaboration of that asked in the state court.

[7] Therefore, all issues here presented, except that relating to the Canadian rights, are concluded. That decree is not, however, conclusive as to the question of the Canadian rights, because they do not seem to have been covered by any reasonable interpretation of the language of the petition of plaintiff in the court of common pleas, and appear to have been assigned to plaintiff by another instrument prior to the assignments there sued on, and consequently to be held by a different title.

The defendant disclaims any Canadian rights. But this does not absolve him from the charge of violating plaintiff's rights by the organization of corporations for the purpose of manufacturing the articles covered thereby. While the Canadian patents can have no extraterritorial force, they are no doubt property, a contract relating to which may be the subject-matter of a suit in equity before a court of the United States having jurisdiction of the parties when a decree in personam is sought. Goodyear Tire & Rubber Co. v. Rubber Tire Wheel Co. (C. C.) 164 Fed. 869; Adams v. Messinger, 147 Mass. 185, 17 N. E. 491, 9 Am. St. Rep. 679.

As to all other matters the bill is dismissed. The special master is directed to proceed with the hearing, but only as to the matters

set forth in the eighth, ninth, tenth, eleventh, seventeenth, so much of the sixteenth as deals with the Canadian rights, and the fourth section of the eighteenth paragraphs of the bill, and so much of the remainder as bears upon the matters therein set forth and having to do with the Canadian rights. The hearing will proceed at once. The final report will be filed not later than May 1, 1923.