In re BY-PRODUCTS RECOVERY CO. DAVIS v. MABEE et al. MELLOTT v. SAME.*

(Circuit Court of Appeals, Sixth Circuit. November 3, 1924.)

Nos. 4192, 4193.

Bankruptcy ☞391(3)—Bankruptcy court may permit rights to be adjudicated in state court.

A court of bankruptcy has power to permit a state court to proceed to a decree against the bankrupt pursuant to direction of an appellate court in a suit brought by bankrupt prior to bankruptcy, though it involves rights which have passed to the trustee, and may in its discretion refuse to enjoin the adverse parties from proceeding with the suit.

Appeal from the District Court of the United States for the Western Division of the Northern District of Ohio; Paul Jones, Judge.

In the matter of the By-Products Recovery Company, bankrupt. Clyde A. Davis, trustee, and Howard S. Mellott, a creditor, appeal from an order dissolving an injunction theretofore issued against Charles R. Mabee and others. Affirmed.

Geo. W. Ritter, of Toledo, Ohio (Marshall & Fraser and Ritter & Schminck, all of Toledo, Ohio, on the brief), for appellant Davis.

H. W. Fraser, of Toledo, Ohio (Marshall & Fraser and Ritter & Schminck, all of

*Certiorari denied 45 S. Ct. 354, 69 L. Ed. —.

Toledo, Ohio, on the brief), for appellant Mellott.

Allen J. Seney, of Toledo, Ohio, for appellees.

Before DONAHUE and MACK, Circuit Judges, and SATER, District Judge.

MACK, Circuit Judge. These are appeals from an order dissolving an injunction theretofore issued on petition of a creditor of the bankrupt restraining Charles R. Mabee and the Long Point Creameries Company from further prosecuting in the Court of Appeals of Lucas County an action of the By-Products Company against the said Mabee and the Creameries Company until the further order of the court.

Several years before the voluntary petition in bankruptcy was filed, the By-Products Recovery Company had brought suit in the state court, and a few hours later in the federal court, against Mabee and the Creameries Company, to restrain them from in any manner interfering with the By-Products Recovery Company in its possession and ownership of certain patents. From a decision in the state court in favor of the Recovery Company, Mabee had perfected an appeal to the Court of Appeals of Lucas County, Ohio. During the pendency of the appeal, Judge Peck, sitting in the District Court, held that all matters in controversy between the parties as set forth in the bill filed in the federal court, except so much as had to do with certain Canadian patent rights, had been adjudicated in the state court; that this decree granting an injunction barred further action in the federal court as to the matters therein adjudicated, notwithstanding the appeal, inasmuch as under the state statute the appeal does not supersede the injunction. Thereupon he dismissed the bill as to the matters so adjudicated. By-Products Recovery Co. v. Mabee (D. C.) 288 F. 401.

In June, 1923, the Court of Appeals of Lucas County handed down an opinion announcing that a final decree would be entered for reversing the lower court, and directing a reconveyance to Mabee by the Recovery Company of all its rights in and to certain patents and applications therefor, subject, however, to all rights, if any, which the Recovery Company might have in such patents and patent applications by virtue of certain specified assignments. Before such a decree could be entered, the voluntary petition in bankruptcy herein was filed, and the injunction staying further proceedings granted, on the petition of a creditor.

Whatever the power or right of the bankruptcy court may be to stay such state court proceedings at the stage which had been reached when the petition in bankruptcy was filed, we are entirely clear that the District Judge, sitting in bankruptcy, had the power to leave the determination of the rights of the parties in the state court which had first obtained jurisdiction of the subject-matter, and acted wisely in dissolving the ex parte injunction which would have prevented the state court from effectuating the deliberate conclusion reached and expressed by it in a controversy in which its aid had been invoked by the bankrupt itself.

Whatever rights the bankrupt had in and to the letters patent and applications therefor vested under the Bankruptcy Act in its trustee, but they vested in him subject to whatever obligations in respect thereto the bankrupt had incurred. Under Judge Peck's decision, acquiesced in by the parties, the state court had complete jurisdiction to determine the nature and extent of these obligations and the relative rights of the parties under their prior dealings in and to the patents and applications. What the effect of the state adjudication may be on any property that has actually come into the hands of the trustee has not been determined by the dissolution of the injunction. The only effect of the dissolution will be to enable the state court to correct what has been held by the state Court of Appeals to be an erroneous decree of the lower state tribunal.

The trustee, of course, is not debarred of the opportunity of applying to the state court to be substituted for the bankrupt in the proceedings pending therein and there to litigate whatever rights he may claim. In the event of his failure so to do, the question as to what, if any, binding effect the judgment of the state tribunal may have as against him, not a party to that litigation, is not determined by the dissolution of the injunction, or by the affirmance herein of such dissolution, and we express no opinion thereon. We determine only that, even though actual possession of the letters patent and of the applications therefor, as well as the bankrupt's interest therein, had become vested in the trustee as of the date of bankruptcy, jurisdiction to determine the relative rights of the parties claiming an interest therein did not compel the District Judge, sitting in bankruptcy, to forbid the state court from effectuating by a decree its announced conclusions in the litigation between the bankrupt and other parties. So far as the record before us shows, the petition of the trustee in bankruptcy, invoking the jurisdiction of the bankruptcy court to determine the relative rights of all of the parties in and to these letters patent and applications, is still pending and undetermined.

On both the appeal of the original creditor, on whose petition the injunction was granted, and on the appeal of the trustee in bankruptcy, the order dissolving the injunction will be affirmed.