**DAVIS, Trustee, v. MABEE et al.**

Circuit Court of Appeals, Sixth Circuit. February 14, 1929.

On Rehearing, May 9, 1929.

No. 5109.

George W. Ritter, of Toledo, Ohio (Ritter & Brumback and Marshall, Melhorn, Marlar & Martin, all of Toledo, Ohio, on the brief), for appellant.

James Harrington Boyd, of Toledo, Ohio (Stahl & Price, of Toledo, Ohio, on the brief), for appellee Boyd.

Charles A. Thatcher, of Toledo, Ohio, pro se.

Before MOORMAN, HICKS, and HICKENLOOPER, Circuit Judges.

HICKENLOOPER, Circuit Judge. This cause comes here upon appeal from an order of the District Court dismissing the bill in equity of Clyde A. Davis, trustee in bankruptcy of the By-Products Recovery Company, filed September 18, 1923. The bill is in the nature of one for specific performance of contract to convey certain patents and patent applications, with ancillary relief to quiet title by injunction and to cancel and avoid other assignments and licenses theretofore granted. The action marks the culmination of years of controversy and litigation be-

tween the parties hereto. In passing upon the questions raised, the chronological sequence of events is of importance.

The defendant Mabee having applied for a number of patents prior to the year 1913, the By-Products Recovery Company was organized to develop and exploit the inventions in question, and to secure letters patent thereon, and various contracts and agreements relating thereto were made between Mabee and that company or those acting in its interest. Differences arose between Mabee and the By-Products Recovery Company, which resulted in an action being brought by the latter in the court of common pleas of Lucas county, Ohio, on August 27, 1919, in which the By-Products Recovery Company sought substantially the same relief as is sought in the present action, with the exception that a number of the patents had not yet been issued upon applications pending. Later in the day on August 27, 1919, the By-Products Recovery Company also brought an action in the District Court for the Northern District of Ohio, differing from the action in the court of common pleas only in that the right to certain foreign patents was involved in the federal court action. Service was first acquired in the common pleas court suit, and that action was prosecuted to a judgment for the plaintiff. The defendant Mabee, however, appealed to the state Court of Appeals, where the case was argued and submitted. In June, 1923, an opinion was filed in such appeal, reversing the finding of the court of common pleas, and holding that certain conditions precedent to transfer of title had not been performed by the By-Products Recovery Company, and such company was given further time in which to perform these conditions precedent, in the absence of which performance, title was to be reconveyed to Mabee. No decree was then entered upon the opinion, because of the allowance of additional time for performance by the company.

Prior to the decision of the state Court of Appeals, attempt was made to revive the prosecution of the federal court action filed August 27, 1919, and thereupon the District Court dismissed the action there pending as to all matters involving United States patents, on the ground that, the controversy having passed to judgment in the court of common pleas, and appeal being pending, the parties were precluded and estopped by such judgment from relitigating the same cause of action in all courts. By-Products Recovery Co. v. Mabee (D. C.) 288 F. 401.

After the decision was handed down in the state Court of Appeals, the By-Products Recovery Company filed its voluntary petition in bankruptcy on July 27, 1923. The bill, upon which the present appeal is prosecuted, was filed September 18, 1923, and was referred to a master, which accounts for the judgment dismissing it not having been entered until September 24, 1927. For a portion of the time between the filing of the petition in bankruptcy and the ultimate entry of decree in the state Court of Appeals, the defendant Mabee and those in interest with him were enjoined by the bankruptcy court from taking further steps or proceedings in the state court action. This injunction was subsequently dissolved, and the order so dissolving it was affirmed by this court. In re By-Products Recovery Co. (Davis v. Mabee et al.) 2 F.(2d) 664. Thereafter the state Court of Appeals entered judgment upon the opinion theretofore rendered, without the intervention of the trustee in bankruptcy, or the making of such trustee a party therein.

The contention is now made by the trustee in bankruptcy that the present action differs from that prosecuted by the bankrupt in the state courts, in that sources of ownership and chains of title are now presented other than and/or in addition to that claimed in the original litigation, and that the litigation being solely in personam, though affecting property rights of the bankrupt, the doctrine that, where one court has already assumed jurisdiction of the subject-matter of litigation, such jurisdiction will not be disturbed by the bankruptcy court, does not apply, and the state court lost whatever jurisdiction it had upon bankruptcy.

■■■ Upon the first of these contentions, it is established beyond controversy that "a judgment on the merits, rendered in a former suit between the same parties or their privies, on the same cause of action, by a court of competent jurisdiction, operates as an estoppel; not only as to every matter which was offered or received to sustain or defeat the claim, but as to every other matter which might with propriety have been litigated and determined in that action." 34 C. J. 818; United Shoe Machinery Corp. v. U. S., 258 U. S. 451, 458, 42 S. Ct. 363, 66 L. Ed. 708; Sapulpa Petroleum Co. v. McCray, 4 F.(2d) 645, 650 (C. C. A. 8). There is no contention that any right to title to the patents involved was secured after the commencement of the 1919 litigation, and litigants are not permitted to split their cause of action, by litigating a portion of their entire claim in one suit, and, losing that litigation, to maintain another action for the same

relief, though based upon different grounds which existed at the time of commencement of the first action. If, therefore, the state litigation is a bar to the present action as to any ground for relief there sought, it is a bar to now seeking the same relief upon all grounds which might then have been presented.

■ Upon the second contention made, the argument of the appellant seems to confuse the three questions of (1) whether an action in personam in either state or federal court will be abated on the ground that an action is already pending in the other; (2) whether, if the action be in rem or quasi in rem, control will be surrendered to the court first assuming jurisdiction over the subject-matter of such action; and (3) whether, where one court has proceeded to judgment in an action in personam, a trustee in bankruptcy subsequently appointed can avoid all that has gone before and relitigate the same issues in another court ab initio. The fact that an action in the federal courts, purely in personam, will not be abated upon the ground of prior action pending in the state courts, arises from the fact that such courts do not belong to the same system, but are independent and have no common superior. Covell v. Heyman, 111 U. S. 176, 182, 4 S. Ct. 355, 28 L. Ed. 390; Kline v. Burke Construction Co., 260 U. S. 226, 43 S. Ct. 79, 67 L. Ed. 226, 24 A. L. R. 1077. With this question we are not here and now concerned. The second question involves the determination of whether the present action is one which, although not strictly one in rem, may be said to involve the determination and disposal of property interests and thus to be what has come to be known as an action quasi in rem. See Pennoyer v. Neff, 95 U. S. 714, 734, 24 L. Ed. 565, and Dennison Brick & Tile Co. v. Chicago Trust Co., 286 F. 818 (C. C. A. 6), and cases there cited. It may well be doubted, under the doctrine of these cases, that the present action is so strictly in personam as to exclude application of the doctrine, but we concede, without so deciding, that such is the fact. This leaves but the third question for determination.

Inasmuch as both the present and the prior action seek the same relief upon the same grounds, at least in part, we see no escape from application of the doctrine of estoppel by judgment above stated. Whether upon the theory that the original rights of the bankrupt were merged in the judgment, or upon recognized principles of estoppel by judgment, it is manifest that the trustee in bankruptcy took nothing but the right to intervene or be substituted for the bankrupt in the state courts, and there to continue the prosecution of the litigation. The judgment of the court of common pleas was merely suspended by the appeal not vacated. General Code of Ohio, § 12234. The action was brought long prior to four months preceding the date of bankruptcy. No attempt was made to fasten or create a lien upon any property of the bankrupt, for it is conceded for the purposes of this opinion that the action was purely in personam. We have been cited to no provision of the Bankruptcy Act, or adjudicated case, and we know of none, by which the results of such litigation may be avoided under the circumstances. The interests of a sound public policy demand the earliest possible termination of litigation consistent with the rights of the parties, and the doctrines above referred to have conclusively established that no right of the bankrupt, or of the trustee in bankruptcy, as its successor in interest, is invaded under the circumstances detailed.

As was pointed out by this court in the case of In re By-Products Recovery Co., supra, the trustee was not debarred from applying to the state court to be substituted for the bankrupt. That he was not made a party to that case may create some difficulty on the part of Mabee in carrying into effect the mandates of the state court. It could have no effect, however, upon the right of the trustee in bankruptcy to relitigate the question.

Upon the issue of the right of the trustee in bankruptcy to maintain the present action, the judgment of the District Court, dismissing the petition, will be affirmed.

## On Petition for Rehearing.

■ It is urged upon petition for rehearing that the opinion heretofore filed herein should be recalled, and judgment entered for appellant, for the reason that this court, or so it is contended, failed to give effect to certain reservations in the decree in the state Court of Appeals ordering reconveyance of the patents and patent applications "subject to all rights of the plaintiff" (the bankrupt) to said inventions, etc., by reason of the now newly asserted assignments and contracts, and "without prejudice" to any such rights. The court did not overlook this contention, which was contained in the original briefs, but considered it as without merit.

The reservation was of the rights of the bankrupt by reason of these assignments, after reconveyance, not of the right to relitigate the question of making such reconveyance, as it is now sought to do. The petition of the

trustee in the District Court was dismissed. The plaintiff is left with just those rights, such as possible immunity from action for infringement by use, as were preserved to his bankrupt by the decree of the state Court of Appeals. It is inconceivable that that court ordered a reconveyance and reserved to the parties the right to relitigate de novo the whole question as to Mabee's right to have a reconveyance. This court is here and now concerned only with such right to relitigate.

The principles underlying estoppel by judgment and res adjudicata are the same as those which deny to a litigant the right to split his cause of action and litigate the several branches of a single claim in a number of separate suits. Baird v. U. S., 96 U. S. 430, 24 L. Ed. 703; Bienville Water Supply Co. v. Mobile, 186 U. S. 212, 216, 22 S. Ct. 820, 46 L. Ed. 1132; Baltimore S. S. Co. v. Phillips, 274 U. S. 316, 319, 320, 47 S. Ct. 600, 71 L. Ed. 1069. The cause of action now asserted is for specific performance of contract, to compel a conveyance, and to quiet plaintiff's title to the patents involved, and is the same cause of action previously litigated in the state courts. The reasons presented for granting such relief alone differ. We can see no escape from denying to plaintiff the right to so split his cause of action and to litigate the several phases of an indivisible claim in separate suits, or, when one such suit has passed to judgment, from applying the doctrines of res adjudicata and estoppel by judgment.

The petition for rehearing is denied.