JOHN F. CANNING, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 41482. Promulgated October 12, 1933.

*Hugh Satterlee, Esq.*, *I. Herman Sher, Esq.*, and *Henderson Mathews, Esq.*, for the petitioner.
*Frank Surine, Esq.*, for the respondent.

OPINION.

SEAWELL: The respondent contends that the entire monthly payments made by checks to the petitioner by the Boyce & Veeder Co. during the year 1924 represent taxable income of the petitioner for that year. The petitioner insists that only one half of the amount of such payments constitutes taxable income to him. Which contention is correct, is the main issue for our determination.

The record shows that it was the intention and desire of petitioner that his wife should have an undivided one-half interest in his invention and receive one half of whatever was realized from it, which invention or formula would be secured to him through letters patent, and it also shows that she did in fact receive as her own or there was appropriated to her use and benefit about one half of the amount of money paid by the Boyce & Veeder Co. under the contract made by it with the petitioner on December 4, 1922.

The assignment by the petitioner to his wife, dated June 8, 1923, was of " an undivided one-half interest of all the right, title and interest " which he had in an invention which was to be secured to him by letters patent and for which he, at the time of executing the assignment, thought application had been made, though application was not actually made until June 16, 1923. No notice of the assignment appears from the evidence to have been given to the Boyce & Veeder Co., with which petitioner had contracted as heretofore stated, and no notice taken of the same by that company. The assignment did not mention the contract made by the petitioner with the company nor any royalties or payments to be made to petitioner by the company by reason of the exclusive right and license granted it by the petitioner. Such failure or omission on the part of the petitioner to notify the company of the assignment or make any mention therein of the royalties and payments to be made in accordance with the contract is not in our opinion material. What was assigned was, in our opinion, clearly in the nature of property or property rights as the same existed in petitioner's invention, not an attempted assignment of the royalties or income to be derived from such property, though the assignment carried with it an undivided half interest in such income. *William Ernest Seatree*, 25 B.T.A. 396, 400.

The record shows very plainly that all the parties concerned in the transaction, the assignment of June 8, 1923, were acting without legal advice, resort by the draftsman (Anthony Ianuzzi) of the assignment being had to a book containing forms, with a view to adopting or adapting one found therein as suitable for the purpose desired. The instrument as drawn and executed in duplicate, taken

in connection with the conduct of the petitioner and his wife at the time and subsequent thereto, in our opinion, shows conclusively that it was the intent and desire of petitioner that his wife should receive as her own one half of the royalties or monthly payments made under the petitioner's contract with or license given to Boyce & Veeder Co., and it had that effect although such was not specifically stated in the assignment.

The sale or transfer of an invention before the issuance of a patent is governed by the general principles of law relating to contracts and sales. *Indiana Mfg. Co.* v. *Swift*, 185 Ind. 616; 114 N.E. 214, and authorities cited therein; *Cook* v. *Sterling Electric Co.*, 118 Fed. 45, 46; affd., 150 Fed. 766; *Shelby Steel Tube Co.* v. *Delaware Seamless Tube Co.*, 151 Fed. 64; affd., 160 Fed. 928; certiorari denied, 212 U.S. 580; *In re Meyers-Wolf Mfg. Co.*, 205 Fed. 289. The fact that letters patent had not at the date of the assignment by petitioner to his wife been granted or applied for is, in our opinion, in view of authorities cited, immaterial.

The fact that the nominal consideration of $1 mentioned in the assignment is not shown by the record to have been actually paid is not important or material in the light of the circumstances and facts shown herein—the marital relation existing between the parties to the assignment and no question as to petitioner's creditors being involved. *Nelson* v. *Ferguson*, 56 Fed. (2d) 121, 123, and authorities therein cited; *William Ernest Seatree, supra.*

The respondent insists in his brief that the petitioner was, under his contract with the Boyce & Veeder Co., required to render certain services and that it must be assumed that the payments in question represented in part compensation for services so rendered and that, therefore, the monthly payments made by the company were taxable income to petitioner, regardless of any assignment. An inspection of the terms of the contract shows that petitioner was not " bound " to do the things referred to in respondent's brief except upon the company or its successors making a " reasonable request in writing " of him and advancing " the amount of the expense necessary to such investigation and experiments." The record does not disclose that petitioner received any such request from the company to do any of the things for which he incurred expenses shown in our findings of fact, or that any money was advanced by it to cover or pay the expenses incurred and claimed as a deduction by the petitioner. What was required of the petitioner, as above indicated in the contract, was merely incidental; such as he might " find himself reasonably able to do, with due regard to other engagements " and then only in the event necessary expenses were advanced him. What he actually did in incurring the expenses may have increased the income received, though to what extent, if at all, is not disclosed by the

record and in any event does not appear to have been required of him or necessary under the terms of the contract.

After carefully considering all the facts and circumstances in connection with the assignment by the petitioner to his wife and the contract of petitioner with the company, as heretofore set forth in our findings of fact, we are of the opinion and hold that the assignment was valid and effective to transfer to petitioner's wife " an undivided one-half interest " in the invention or secret formula of the petitioner, which one-half interest was property or property rights, and only one half of the monthly payments or royalties derived from the formula or invention belonged to petitioner and was taxable income to him. *William Ernest Seatree, supra.*

The fact that the monthly payments were made to petitioner by checks which were endorsed, deposited in a bank and the proceeds appropriated as shown in our findings of fact does not affect our opinion or effect a different result as regards ownership of the invention or formula and income arising from it. The manner in which the checks were handled and their proceeds appropriated shows that the petitioner recognized the validity of the assignment to his wife and her right and title to one half of the income. Cf. *Blanche S. Ross*, 28 B.T.A. 39, 45.

The petitioner's second assignment of error, that the respondent in determining net income for 1924 erroneously added to taxable income the amount of $6,675.20 as excessive deductions claimed by petitioner, is not in our opinion, and we so hold, sustained by evidence sufficient to overcome the presumption of the correctness of the respondent's determination in respect thereto. The amount is shown to have been merely an estimate of the petitioner and is so recognized in brief filed in his behalf, wherein it is said : " For six or seven years prior to 1924 the petitioner incurred expenses in developing his formula to the state it was in when he licensed it to the Boyce & Veeder Co. He estimated that he had expended for such purpose about $100 a month over that period, a minimum of $6,000." The estimated expense, if it were satisfactorily established by the petitioner, was to develop his secret formula and would be a capital expenditure and not deductible as an ordinary and necessary expense from the 1924 income of petitioner. *Gilliam Mfg. Co.*, 1 B.T.A. 967; *Goodell-Pratt Co.*, 3 B.T.A. 30; *Beaumont Co.*, 3 B.T.A. 822.

The claim that the aforesaid amount, if not allowable as a deductible ordinary and necessary expense, should be allowed as a loss incurred in trade or business in 1924 and not compensated for by insurance or otherwise, on the ground that the formula became worthless in that year, is not, in our opinion and we so hold, borne out by the record, which shows that the formula was a continued source of

revenue during each month of the year 1924, all of 1925, and part of 1926. The evidence shows that the manufacture of the compound under the formula was stopped during 1924, but the Boyce & Veeder Co. did not surrender the right to resume its manufacture until 1926, and during the entire time continued to pay the minimum royalties and petitioner's formula in fact remained unchanged. We are of the opinion and hold, therefore, that the respondent did not err in adding the amount of $6,675.20 to petitioner's taxable income for the year 1924.

The third and last assignment of error is that respondent erroneously added to taxable income for 1924 the amount of $6,500, " as representing alleged excessive deductions claimed by the petitioner for the cost of developing patents which became worthless in 1924 " and for which he was not compensated for by insurance or otherwise.

The contention that the expenses incurred in 1924 in developing petitioner's formula are deductible because of the worthlessness of such formula during that year is not tenable, as the evidence shows the formula was still good and income or royalty was realized therefrom, pursuant to petitioner's contract with the Boyce & Veeder Co. We are also of the opinion and hold that such expenses disallowed as a deductible loss in 1924 are not deductible as ordinary and necessary expenses in that year, having been incurred for the purpose of testing petitioner's formula, to prove its efficiency and usefulness, and being in the nature of capital expenditures.

*Judgment will be entered under Rule 50.*